UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COGHLAN, et al.,

    Plaintiffs,

v.                                                    Case No. 11-11563

SPRINT COMMUNICATIONS COMPANY
L.P., et al.,

    Defendants.
                                                       /

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND
EXPENSES TO SETTLEMENT CLASS COUNSEL**

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorney's fees and expenses to Settlement Class Counsel.  Under Rule 23(h)(3), the court must make findings of fact and state its conclusions of law.  The court does so, as follows, in granting the motion:

**I.  Findings of Fact**

1.     This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC f/k/a Qwest Communications Corporation, and Level 3 Communications, LLC (the "Settling Defendants").  The claims resolved by the Settlement affect parcels of land in Michigan covering 1,122 miles of rights of way throughout the state.

2.     On April 27, 2012, the Court entered an order preliminarily approving the settlement, certifying the settlement class, and approving the form and manner of

notice. On July 31, 2012, the claims administrator mailed notices to 14,913 current and prior property owners along railroad rights of way in Michigan containing telecommunications facilities installed by the Settling Defendants, and opened a settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $1,440,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice at 8. The Notice further advised that the court would hold a Fairness Hearing on November 5, 2012, at which time the court would "consider how much to pay Class Counsel." *Id.* Following publication of the class notice, no class members objected to the proposed award of attorneys' fees and expenses. On November 5, 2012, the court held the final Fairness Hearing.

     3.     The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $1,440,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days

after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4.      The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B.  The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator.  These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011, between Settlement Class Counsel, U.S. Bank, and GFRG.

5.      Settlement Class Counsel estimate that a minimum of $5,828,000 in cash benefits are available for class members to claim.  Administrative costs—to be paid separately by the Settling Defendants—in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $577,000.  The agreed-to attorney's fees and non-taxable costs of approximately $1,440,000—which will not reduce benefits payable to class members—bring the total gross value of the Settlement to roughly $7,845,000.

## II. Conclusions of Law

6.      Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement."  The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the court "must find the facts and state its legal conclusions under Rule 52(a)."  Fed. R. Civ. P. 23(h)(1) and (3).  In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content,

including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. In the Sixth Circuit, courts may use either the percentage-of-the-fund or lodestar method for awarding attorneys' fees in class actions. *See Wise v. Popoff*, 835 F. Supp. 977, 979–80 (E.D. Mich. 1993). "[I]n common-fund cases," the Sixth Circuit "require[s] 'only that awards of attorney's fees' 'be reasonable under the circumstances.'" *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Rawlings v. Prudential-Bache Properties, Inc.,* 9 F.3d 513, 516 (6th Cir. 1993)). Factors in making that determination include: "'(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.'" *Id.* (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

8. Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the

4

exact proportion that the value of his claim bears to the total recovery.") (citation omitted).

9.   The court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $5,828,000 would be paid to qualifying class members, assuming that no land-grant class members seek the higher non-land grant benefits. (To the extent those class members do seek and receive the higher amounts, the amount available to the class will increase.) When estimated administrative costs of $577,000—to be borne by the Settling Defendants—and the agreed-to attorneys' fees and expenses of $1,440,000—also to be paid separately by the Settling Defendants—are factored in, the gross value of the Settlement is approximately $7,845,000. The $1,440,000 fee-and-expense award therefore represents 18 percent of the fund as a whole.

10.   At 18 percent of the value of the fund as a whole, the fee-and-expense award is well within—indeed, below—the range of reasonable percentage-fee awards in this Circuit. *See, e.g.*, *In re Delphi Corp. Securities, Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 502–03 (E.D. Mich. 2008) ("Here, the 18% and 20% fees requests appear to be more than reasonable. Indeed, when compared to the range of percentage fee awards generally accepted in this District, the amounts requested are below that range.") (citing, *inter alia*, *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 532 (E.D. Mich. 2003) (recognizing that fees of 20-30% are generally awarded in this Circuit); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, No. MDL 1055, 1996 WL 780512, at *18 (E.D.

Mich. Dec. 20, 1996) (recognizing that the acceptable range of fee awards is 20% to 50% of the common fund)).  The 18 percent fee-and-expense award is especially reasonable here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation.  In the five similar right-of-way settlements that have received final approval, the federal district courts in Idaho, Illinois, Alabama, North Dakota, and Montana approved fee-and-expense awards to class counsel ranging from 17 to 24 percent of the then-estimated fund.

11.   In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade—which culminated in this and the other state settlement agreements—have prevented Settlement Class Counsel from segregating their fees and expenses into a "Michigan-only" category or similar categories for other states.  *See* Declaration of Settlement Class Counsel Dan Millea ¶ 16; Ex. 13: Declaration of Settlement Class Counsel Irwin Levin ¶ 22.  Nonetheless, it is apparent that the Michigan fee-and-expense request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

12.   The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered.  *See* Millea

Decl. ¶ 17; Levin Decl. ¶¶ 23.  The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide.  Millea Decl. ¶ 17; Levin Decl. ¶¶ 23.  Therefore, the incurred fees and expenses are subject to a *negative* multiplier—roughly .70—on a nationwide basis and with a pro-rata Michigan allocation.

13.     Here, there are no objections to the proposed fee-and-expense award.  "The Class's reaction to the requested fee award is also important evidence of the fairness and reasonableness of the fee request."  *Delphi*, 248 F.R.D. at 504 (citing *Cardizem*, 218 F.R.D. at 534).  Here, the court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $1,440,000.  The notice also informed class members of their ability to object to the fee-and-expense request.  No class member objected to it.  The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that the motion for an award of attorney's fees and expenses to Settlement Class Counsel [Dkt. # 37] is GRANTED.

IT IS FURTHER ORDERED that the court approves a fee-and-expense award of $1,440,000 to Settlement Class Counsel.

IT IS FURTHER ORDERED that the Settling Defendants shall deposit the fee-and-expense award approved by the court into the interest-bearing escrow account—established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law—with U.S. Bank in New York, New

York, no later than ten (10) days after the date on which the Order and Judgment becomes final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Michigan Class Settlement Agreement approved by this court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund.

Finally, IT IS FURTHER ORDERED that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011, between Settlement Class Counsel, U.S. Bank, and GFRG.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 15, 2012, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522